Emma SEXTON et al., Appellants,

v.

**WEST VIEW LAND COMPANY, a Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

March 16, 1956.

E. Poe Harris, Simeon S. Willis, Ashland, for appellants.

Dysard & Dysard, H. R. Dysard, Creech & Cox, Dempsey A. Cox, Ashland, for appellees.

CULLEN, Commissioner

Under the wills of Joseph Mayberry and Isabella, his wife, their homestead was devised to their son, Louis, who was one of nine children. The wills contained certain precatory language concerning the treatment and consideration Louis should give the other children. Upon Louis' death, the property passed by his will to his widow, Sarah. Six of the children of Joseph and Isabella then brought this action against Sarah, seeking a declaration that the wills of Joseph and Isabella created a trust under which the children had conditional rights to use the property. Judgment was entered declaring that no trust existed, and the plaintiffs appealed. Pending the appeal Sarah died, and the West View Land Company, transferee of her interest, was substituted as appellee.

The wills of Joseph and Isabella were executed in 1923. At that time their son Louis, and two unmarried daughters, were

living with them in the family home, which consisted of a large house upon a tract of about nine acres. Each of the wills, after devising the homestead to the surviving spouse for life, made this provision:

> "At the death of (the surviving spouse) I hereby give, devise and bequeath unto my son, Louis Mayberry, all property of which I may die seized, whether real, personal or mixed, forever. It is my wish and I hereby request my son Louis to permit my unmarried daughters, Emma and Jennie, and my son Henry, or any of my married children should misfortune overtake them to occupy my home jointly with him and to deal with them in the same manner, and give them the same consideration that I would should I be living. I have explicit confidence that he will treat them justly."

Some time after the wills were executed the two daughters married and established separate homes. Joseph Mayberry died in 1927, and Isabella died in 1930. After Isabella's death Louis continued to occupy the homestead, with his wife, until his death in 1954. None of his brothers and sisters attempted to exercise their claimed right of joint occupancy while Louis was living. Even in the present action they do not seek to exercise the claimed right, but merely to have a declaration that the right exists.

We believe the correct rule to be that a will may be construed as creating an imperative trust, notwithstanding the use of precatory words, where it clearly appears from the will as a whole, from the nature of the estate devised, and from the surrounding circumstances, that the testator so intended. However, the precatory words create a presumption that only a moral obligation was imposed, and this presumption will be overcome only by clear evidence of an intent to create a binding legal obligation. Hagan v. Muir, 268 Ky. 636, 105 S.W.2d 820; Williams v. Williams' Committee, 253 Ky. 30, 68 S.W.2d 395; Bosworth v. Kilbourn, 304 Ky. 628, 201 S.W.2d 904; Pomeroy on Equity, sec. 1016; 54

Am.Jur., Trusts, sec. 57, pp. 66, 67. Justice Story states that the precatory words should be given their ordinary meaning of discretion, "unless a different sense is forced upon them by the context." Story, Equity Jurisprudence, sec. 1069.

We find nothing in the wills as a whole, or in the nature of the estate devised, or in the surrounding circumstances, to show that Joseph and Isabella intended the words "wish" and "request" to have other than their ordinary meaning, or that in using the words, "I have explicit confidence that he will treat them justly," there was any intent to do more than express confidence that Louis would do the morally right thing. As a matter of fact, the nature of the thing which Louis was requested to do was such as not reasonably to be suitable for other than discretionary action.

We concur in the view of the chancellor that no trust was intended.

The judgment is affirmed.